*Friday, March 22, 1996*
## MISCELLANEOUS DISMISSALS

**96–131.** Lemaster v. Radcliff. *Pickaway County*, No. 95CA25. This cause is pending before the court as an appeal from the Court of Appeals for Pickaway County. It appears from the records of this court that appellant has not filed a merit brief, due March 4, 1996, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective March 20, 1996.

**96–137.** State v. Logan. *Franklin County*, No. 90AP–1309. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. It appears from the records of this court that appellant has not filed a merit brief or notice of adoption of memorandum as brief, due February 27, 1996, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*, effective March 20, 1996.

*Monday, March 25, 1996*
## MOTION DOCKET

**95–1703.** Nehls v. Quad K Advertising. *Cuyahoga County*, No. 67358. This cause is here on appeal from the Court of Appeals for Cuyahoga County. Upon consideration of the joint motion to stay further proceedings pending a ruling on the joint motion to remand appeal to implement settlement,

IT IS ORDERED by the court that the motion to stay further proceedings be, and hereby is, granted.

**96–439.** State v. Mays. *Cuyahoga County*, No. 67262. On motion for appeal bond. Motion denied.

**96–617.** State v. Habash. *Summit County*, No. 17073. On motion for appeal bond. Motion denied.

**96–650.** State ex rel. Greer v. Parrott. In Mandamus. On motion for stay of execution. Motion denied.

DOUGLAS, J., would also dismiss the cause as not a proper subject for mandamus.

MOYER, C.J., and RESNICK, J., dissent and would grant an alternative writ.

## DISCIPLINARY DOCKET

**96–204.** Disciplinary Counsel v. Tableman. On Certified Order of the Superior Court, Judicial District of Waterbury at Waterbury, Connecticut. On January 25, 1996, in accordance with Gov.Bar R. V(11)(F)(1), the Office of Disciplinary Counsel filed a copy of an order of discipline issued by the Superior Court, Judicial District of Waterbury at Waterbury, Connecticut, formally reprimanding respondent, Linda Selby Tableman. Pursuant to Gov.Bar R. V(11)(F)(2), this court issued an order directing respondent to notify the court within twenty days of receipt of the order why the imposition of identical or comparable discipline in Ohio would be unwarranted. Respondent filed no objections and this cause was considered by the court. On consideration thereof,

IT IS ORDERED AND ADJUDGED by this court, effective March 20, 1996, that pursuant to Gov.Bar R. V(11)(F)(4) respondent, Linda Selby Tableman, Attorney Registration No. 0028435, last known business address in Oxford, Connecticut, be publicly reprimanded, and this entry shall constitute the public reprimand, provided, however, that should the respondent, Linda Selby Tableman, be found guilty of subsequent misconduct, this public reprimand shall be considered as a factor that may justify an increase in the degree of discipline to be imposed for subsequent misconduct.

IT IS FURTHER ORDERED that respondent forthwith comply with Gov.Bar R. VI ("Registration of Attorneys").

IT IS FURTHER ORDERED, *sua sponte,* that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte,* that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.